## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LOREN FENSTERMAN, | Case No. 22-CV-2862 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR ATTORNEYS' FEES |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 25.) Plaintiff seeks attorney's fees under Section 406(b) in the amount of $26,378.68, reduced by $8,500.00, for a net total fee of $17,878.68, based on a contingency fee agreement between Plaintiff and his legal counsel. (*Id.*; ECF No. 27 ¶ 10.) For the reasons stated below, the motion is granted.

## BACKGROUND

The facts and procedural history of this case are outlined in the Court's previous orders and need not be repeated here. (*See* ECF Nos. 16–17.) Briefly stated, the Court granted in part Plaintiff's motion for summary judgment and remanded the case to the Commissioner of Social Security Administration ("SSA") pursuant to sentence four of 42 U.S.C. Section 405(g). (ECF No. 17 at 2.) The parties jointly stipulated to awarding

Plaintiff's counsel $8,500 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), and the Court awarded those fees. (ECF Nos. 21, 23.)

The SSA ultimately awarded Plaintiff the total back benefits she sought. (*See* ECF No. 27 ¶ 4 (under seal); ECF No. 27-2 at 2–4 (under seal).) The SSA withheld 25 percent from this amount, which is $26,378.68, for legal expenses to pay Plaintiff's representative. (ECF No. 27-2 at 3.)

Plaintiff now moves for attorneys' fees under Section 406(b). (ECF No. 25.) The Commissioner neither supports nor opposes the motion. (ECF No. 27-2 ¶ 9.)

## ANALYSIS

### I.   Legal Standard

Under 42 U.S.C. Section 406(b)(1)(A), the Court may determine a reasonable representation fee, not to exceed 25 percent of the total past-due benefits to which the claimant is entitled by such judgment. Courts must review the reasonableness of a fee award yielded by a contingency agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To determine whether the fee is reasonable, the Court assesses "the character of the representation and the results the representative achieved," as well as the number of hours spent on the matter, and the attorney's normal hourly billing rate for noncontingent-fee cases. *Id.* at 808. As the Eighth Circuit recently noted, "under *Gisbrecht,* the award set by the contingency agreement must be the anchor of the court's

reasonableness analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025) (citation omitted).

Courts may award fees under both the EAJA and Section 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up, citation omitted).

II.     **Reasonableness of Fees and Costs**

Under the contingent fee agreement, Plaintiff agreed that counsel would receive as the fee an amount equal to 25 percent of the past-due benefits awarded for work performed in connection with federal court litigation. (ECF No. 27-2 at 15.) Plaintiff's counsel seeks attorneys' fees in the amount of $26,378.68, which, after refunding the EAJA fee of $8,500.00, would result in a net fee of $17,878.68. (ECF No. 27 ¶ 9.) The total fee amount of $26,378.68 equals 25 percent of Plaintiff's past-due benefits and is the amount Commissioner is withholding to pay attorneys' fees. (*Id.* ¶ 4; ECF No. 27-1 at 3.)

In assessing whether this fee amount is reasonable, the Court finds that the work of Plaintiff's counsel was instrumental in Plaintiff's receipt of benefits. (*See* ECF No. 27 ¶ 3.) The Court is unaware of any suggestion that counsel's representation was substandard or that counsel was responsible for any delay. Counsel spent 45.6 hours on this matter, (ECF No. 27-2 at 10), amounting to an effective hourly rate of $578.48 per hour.[1] An effectively hourly rate of $578.48 is less than other rates approved in this

---

[1] Counsels' noncontingent hourly rates were $235.00–236.25. (ECF No. 27-2 at 10.)

3

District. *See Lee R. v. Kijakazi*, No. 20-CV-1989 (TNL), 2023 WL 7014406, at *3 (D. Minn. Oct. 25, 2023) (finding an effective hourly rate of $633.39 reasonable, noting it is significantly lower than other effective hourly rates previously considered reasonable in this District under § 406(b)); *Sue V. v. Kijakazi*, No. 20-CV-462 (LIB), 2023 WL 9118730, at *2 (D. Minn. Nov. 1, 2023) (considering an effective hourly rate of $634.27 to be reasonable); *Smith v. Kijakazi*, No. 19-CV-1571 (SRN/HB), 2023 WL 3580817, at *2–3 (D. Minn. May 22, 2023) (considering a $900 effective hourly rate to be reasonable). The Court finds that Plaintiff's counsel's effective hourly rate produced by the contingency fee is reasonable, and that the requested amount of $26,378.68 in attorneys' fees is reasonable.

As noted above, when a court awards attorneys' fees under the EAJA and under Section 406(b), the attorney must refund "the amount of the smaller fee" to the plaintiff. *Gisbrecht*, 535 U.S. at 798. The Commissioner neither supports nor opposes counsel's proposed method of refunding Plaintiff, that is, "counsel's request for $26,378.68 in attorney's fees pursuant to 42 U.S.C. § 406(b), resulting in a net fee of $17,878.68 after refunding the EAJA fee of $8,500.00." (ECF No. 27 ¶ 9.) And so, after deducting the previously awarded EAJA fee of $8,500.00, the Court awards a net amount of $17,878.68 to Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

4

1. Plaintiff's Motion for Attorney's Fees (ECF No. 25) is GRANTED;

2. Plaintiff's counsel is awarded an attorney's fee under the Social Security Act, 42 U.S.C. Section 406(b), in the amount of $26,378.68, reduced by $8,500.00, for a net total fee of $17,878.68; and

3. The Social Security Administration issue payment to Plaintiff's counsel in the amount of $17,878.68 in accordance with agency policy.

Dated: May 8, 2025                                  BY THE COURT:

                                                    s/Nancy E. Brasel
                                                    Nancy E. Brasel
                                                    United States District Judge